UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESLIE MCMILLIN,            )<br>                              )<br>     Plaintiff,              )<br>                              )<br>v.                            )<br>                              )<br>                              )<br>MERRICK GARLAND, *et al.*,   )<br>                              )<br>     Defendants.             )  | Civil Action No.  1:22-cv-00370 (UNA) |

## MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis*, ECF No. 2. First, The Local Rules of this court state require that a first filing shall include in the caption a *pro se* plaintiff's name, full residence address, and telephone number. *See* D.C. LCvR 5.1(c)(1). Though parties may request to seal this information from the public docket, they must still provide this contact information by filing a notice under seal. *See id*. Here, plaintiff has neither provided her address in the complaint's caption nor submitted it by filing a separate notice under seal.

Second, under the statute governing *in forma pauperis* proceedings, the Court is required to dismiss a case "at any time" it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Here, having reviewed the prolix complaint carefully, the Court concludes that it cannot discern what claim or claims plaintiff intends to bring; the complaint will thus be dismissed. *See Gwinnell-Kennedy v. U.S. Gov't Judiciary*, No. 09-cv-737, 2009 WL 1089543, at *1 (D.D.C. Apr. 22, 2009) (summarily dismissing complaint under § 1915(e)(2) because it was "incoherent"); *McGuire v. U.S. District Court*, No. 10-cv-696, 2010 WL 1855858, at *1 (D.D.C. May 4, 2010) (summarily dismissing complaint

under § 1915(e)(2) because it was "largely incoherent and nonsensical"); *cf. Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing . . . . factual allegations and legal conclusions . . . lack[ing] an arguable basis either in law or in fact" shall be dismissed.).  Plaintiff has also filed a motion to expedite, ECF No. 4, which will be denied because it is now moot, and additionally, equally incomprehensible to the complaint.

    Accordingly, the Court grants plaintiff's application to proceed *in forma pauperis*, dismisses the complaint and this civil action without prejudice, and denies the motion to expedite. A separate order will issue.

Dated: May 13, 2022

TREVOR N. McFADDEN
United States District Judge